**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern _____ District of  Texas _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Tuesday Morning Corporation |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | _____ |
| | Include any assumed names, trade names, and *doing business as* names | _____ |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 75-2398532 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 6250    LBJ Freeway | _____ |
| Number    Street | Number    Street |
| _____ | _____ |
| | P.O. Box |
| Dallas     TX    75240 | _____ |
| City    State    ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Dallas | _____ |
| County | Number    Street |
| | _____ |
| | City    State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.tuesdaymorning.com |

Debtor ___Tuesday Morning Corporation_____ Case number (*if known*)_____
        Name

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
|  |  | ☐ Partnership (excluding LLP) |
|  |  | ☐ Other. Specify: _____ |

| 7. | **Describe debtor's business** |
|---|---|

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4422 ___ ___ ___

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** |
|---|---|

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Tuesday Morning Corporation
_____
          Name                                                                    Case number (if known)_____

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes. District _____ When _____ Case number _____
                                          MM / DD / YYYY

        District _____ When _____ Case number _____
                                          MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes. Debtor  See Rider 1 _____ Relationship _____

        District _____ When _____
                                                            MM / DD / YYYY

        Case number, if known _____

**11.** **Why is the case filed in *this district*?**

Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                            Number        Street

_____

_____    _____  _____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

      Contact name  _____

      Phone  _____

---

**Statistical and administrative information**

---

Debtor **Tuesday Morning Corporation**                      Case number *(if known)* _____
Name

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* | | |
| | ☑ Funds will be available for distribution to unsecured creditors. | | |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors** | ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☑ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☑ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/27/20
           MM / DD / YYYY

✗ _____          Steven R. Becker _____
Signature of authorized representative of debtor          Printed name

Title  Chief Executive Officer _____

| Debtor | Tuesday Morning Corporation | Case number (if known) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✗ _Ian T. Peck_        Date   05/27/2020

Signature of attorney for debtor            MM / DD / YYYY

Ian T. Peck
_____
Printed name
Haynes and Boone, LLP
_____
Firm name
2323       Victory Avenue, Suite 700
_____
Number     Street
Dallas                    TX     75219
_____
City                      State     ZIP Code

214.651.5000             ian.peck@haynesboone.com
_____
Contact phone             Email address

24013306                 TX
_____
Bar number             State

## RIDER 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Tuesday Morning Corporation:

Tuesday Morning Corporation

TMI Holdings, Inc.

Tuesday Morning, Inc.

Friday Morning, LLC

Days of the Week, Inc.

Nights of the Week, Inc.

Tuesday Morning Partners, Ltd.

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## Northern District of Texas

In re   **Tuesday Morning Corporation**                                          Case No.
                                                                Debtor(s)        Chapter   **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **0-19658**   .

2. The following financial data is the latest available information and refers to the debtor's condition on   **April 30, 2020**   .

   a. Total assets                                                        $                **92,000,000.00**

   b. Total debts (including debts listed in 2.c., below)                 $                **88,350,000.00**

   c. Debt securities held by more than 500 holders:                                      Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | **0.00** | **0** |

   d. Number of shares of preferred stock                                            **0**              **0**

   e. Number of shares common stock                                     **48,010,534**              **275**

      Comments, if any:

3. Brief description of Debtor's business:
   **Leading closeout retailer of upscale home furnishings, housewares, gifts and related items in the United States.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **T. Rowe Price Associates, Inc. (7,580,608 shares as of 2/14/20)**
   **Delta Value Group Investment Partners, LP (3,848,385 shares as of 2/13/20)**
   **The Vanguard Group (2,454,502 shares as of 2/11/20)**

**UNANIMOUS CONSENT OF THE**
**BOARD OF DIRECTORS OF**
**TUESDAY MORNING CORPORATION**

The undersigned being all of the members of the board of directors (the "Board") of Tuesday Morning Corporation, a Delaware corporation (the "Company"), hereby agree that a meeting on May 25, 2020 was held, and the Board consented to, adopted and approved the following resolutions and each and every action effected thereby (the "Board Consent"):

**Recitals**

WHEREAS, the Company is undergoing unprecedented financial distress and operational challenges relating to the COVID-19 pandemic, including, without limitation, the closing of all the Company's stores and distribution facilities;

WHEREAS, the Board has received, reviewed and considered materials presented by management and the legal and financial advisors of the Company regarding the Company's financial and operating difficulties and the impact of the foregoing on the Company's businesses;

WHEREAS, the Board has received, reviewed and considered advice from management and the legal and financial advisors of the Company regarding possible strategic alternatives to address the Company's financial and operating difficulties, including pursuant to in-court bankruptcy proceedings, and the impact of the foregoing on the Company's businesses and its stakeholders; and

WHEREAS, in light of the foregoing, the Board has determined that it is desirable and in the best interest of the Company to cause to be filed a petition by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on or after May 25, 2020.

NOW, THEREFORE, BE IT

**Filing and Prosecution of Bankruptcy Case**

RESOLVED, that it is desirable and in the best interest of the Company to authorize Steven Becker ("Authorized Officer"), to cause to be filed a petition in the name of the Company (the "Chapter 11 Petition") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that the Board shall authorize and direct Authorized Officer, acting on behalf of the Company, to execute and verify the Chapter 11 Petition and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), in such form and at such time as he shall determine; and it is further

RESOLVED, that Authorized Officer, acting on behalf of the Company, hereby is authorized to execute and file (or direct others to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in connection therewith, to employ

4823-3262-9687 v.7

and retain all assistance by legal counsel, accountants or other professionals and to take any and all action deemed necessary and proper in connection with the Chapter 11 case; and it is further

**Employment of Professionals**

RESOLVED, that the law firm of Haynes and Boone, LLP ("Haynes and Boone") be, and hereby is, employed under general retainer as bankruptcy counsel for the Company in the Chapter 11 case, and Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amounts previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Haynes and Boone; and it is further

RESOLVED, that the consulting firm of AlixPartners LLP ("AlixPartners") be, and hereby is, employed to provide certain services as financial advisor and other support services for the Company in the Chapter 11 case, and Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amounts previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of AlixPartners; and it is further

RESOLVED, that the investment banking firm of Stifel, Nicolaus & Co., Inc. and Stifel, Nicolaus-Miller Buckfire & Co., LLC ("Miller Buckfire") be, and hereby is, employed as investment banker for the Company in the Chapter 11 case, and Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to execute any appropriate retention agreement, direct payment of appropriate retainers in substantially the amount previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Miller Buckfire; and it is further

RESOLVED, that the consulting firm of Epiq Corporate Restructuring, LLC ("Epiq") be, and hereby is, employed as claims and noticing agent and to provide other related services for the Company in the Chapter 11 case, and Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amount previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Epiq; and it is further

RESOLVED, that the consulting firm of A&G Realty Partners, LLC ("A&G") be, and hereby is, employed as real estate consultant and advisor for the Company in the Chapter 11 case, and Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to execute any appropriate retention agreement, direct payment of appropriate retainers in substantially the amount previously discussed by the Board prior to and immediately upon the filing of the Chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of A&G; and it is further

4823-3262-9687 v.7                                        2

RESOLVED, that the consulting firm of Great American Group, LLC ("Great American") be, and hereby is, employed as liquidation consultant and advisor for the Company in the Chapter 11 case and Authorized Officer, acting on behalf of the Company, has executed an appropriate consultant agreement and may direct payment in substantially the amount previously contemplated in the Great American agreement discussed by the Board prior to the filing of the Chapter 11 Case, and cause to be filed an appropriate motion for authority to assume the Great American agreement to continue utilizing the services of Great American; and it is further

RESOLVED, that Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to employ any other firm as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, Authorized Officer, acting behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers prior to and after the filing of the Chapter 11 case and cause to be filed appropriate applications for authority to retain the services of such firm; and it is further

## Authorization to Pursue DIP Financing

RESOLVED, that Authorized Officer, acting on behalf of the Company, is hereby granted full authority to continue ongoing discussions to obtain debtor in possession financing on terms that are reasonable under the circumstances, as determined in consultation with the Company's professionals and advisors, and, subject to Bankruptcy Court approval, to enter into a debtor in possession credit agreement and such other ancillary agreements, documents, and instruments relating thereto; and it is further

## Authorization to Pursue Store Closing Strategy

RESOLVED, that, in conjunction with the analysis of store performance, the Authorized Officer, acting on behalf of the Company and with the assistance of the Company's management team, in the exercise of sound business judgment and in consultation with the Company's advisors, may determine that it is appropriate to close and wind down a significant number of store locations to increase liquidity, maximize cost savings, and strengthen the Company's overall financial position; and it is further

## General Authorizing Resolutions

RESOLVED that Authorized Officer, acting on behalf of the Company, is hereby granted full authority to act in the name of and on behalf of the Company, under the Company's seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses deemed to be necessary, appropriate, or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 case, the taking of any such action to constitute conclusive evidence of the exercise of such discretionary authority; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by the Officers, Directors and/or Board to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the

Chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED, that Authorized Officer, acting on behalf of the Company, is authorized, empowered and directed to certify and attest any documents or materials deemed necessary, desirable, or appropriate to consummate the transactions contemplated by the foregoing resolutions, without the necessity of further approvals or consents by the Shareholders or the affixing of any seal of the Company; and it is further

RESOLVED, that all actions heretofore taken by the Company, the Officers, the individual Directors, the Board, and other authorized representative of the Company with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions that require approval by the Board are hereby in all respects, approved, adopted, ratified, and confirmed.

This Board Consent may be executed in one or more counterparts, each of which shall be deemed an original and all of which, together, shall constitute one consent. All of the foregoing resolutions shall be deemed adopted simultaneously.


_____
**Steven R. Becker, CEO**


_____
**Terry Burman, Chairman**


_____
**James T. Corcoran, Director**


_____
**Barry S. Gluck, Director**


_____
**Frank M. Hamlin, Director**


_____
**Reuben E. Slone, Director**

Sherry M. Smith, Director

Richard S Willis, Director

**Being all of the directors of:**
**Tuesday Morning Corporation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 20-[●] |
| | § | |
| Debtors. | § | Joint Administration Requested |

**CONSOLIDATED LIST OF CREDITORS
HOLDING 40 LARGEST UNSECURED CLAIMS**

| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or dept. of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| See attached list | | | | |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security)[1] |
|---|---|---|---|---|---|---|
| 1 | Revman International Inc | 2901 N Blackstock Rd Spartanburg, SC  29301 | Brian Racioppi Ph: 212-894-3173 bracioppi@revman.com | Trade Vendor | | $1,392,433 |
| 2 | Three Hands Corp | 13259 Ralston Ave Sylmar, CA  91342 | Paul Rush Ph: 818-833-1200 ext 123 PaulR@threehands.com | Trade Vendor | | $889,903 |
| 3 | American Crafts | P.O. Box 714884 Cincinnati, OH 45271-4884 | Leandra Call Ph: 801-226-0747 accounts.receivable@americancrafts.com | Trade Vendor | | $823,657 |
| 4 | Trade Lines Inc | 660 Montrose Ave South Plainfield, NJ  07080 | Jasmin Patel Ph: 908-754-3232 ext 121 accounts@tli.com | Trade Vendor | | $819,109 |
| 5 | L R Resources Inc | P O Box 6131 Dalton, GA  30722 | Foram Patel Ph: 706-259-0155 ext 123 foram@lrresources.com | Trade Vendor | | $810,943 |
| 6 | Home Dynamix | 100 Porete Ave North Arlington, NJ 07031 | Monica Rivers Ph: 201-955-6000 ext 262 mrivers@tncliving.com | Trade Vendor | | $780,062 |
| 7 | Nourison Industries Inc | 5 Sampson Street Saddle Brook, NJ 07663 | Kayla Mansmann Ph: 201-368-6900 ext 2277 kayla.mansmann@nourison.com | Trade Vendor | | $743,599 |
| 8 | Privilege International Inc | 2323 E Firestone Blvd S Gate, CA  90280 | Christine Alvarado Ph: 323-585-0777 credit@privilegeinc.com | Trade Vendor | | $684,953 |
| 9 | Blue Ridge Home Fashions, Inc | 15761 Tapia St Irwindale, CA 91706 | Jenny Dam Ph: 626-960-6069 jenny.dam@blueridgehome.com | Trade Vendor | | $672,405 |
| 10 | Sun N Sand Accessories | 1813 109Th St Grand Prairie, TX  75050 | Rish Mehra Ph: 972-641-3292 ext 206 rish@sunnsand.com | Trade Vendor | | $656,518 |
| 11 | Jofran Inc | One Jofran Way Norfolk, MA  02056 | Joff Roy Ph: 508-384-6019 joff@jofran.com | Trade Vendor | | $655,934 |
| 12 | S.L. Home Fashions, Inc. | 5601 Downey Rd Vernon, CA  90058-3719 | Lupe Garcia Ph: 323-587-0800 ext 226 ggarcia@slohomefashions.com | Trade Vendor | | $644,527 |
| 13 | SMS Assist, LLC | 875 N Michigan Ave Suite 3000 Chicago, IL  60611 | General Counsel Ph: 312-698-7000 AccountsReceivable@smsassist.com | Trade Vendor | | $593,042 |
| 14 | AQ Textiles | 7622 Royster Rd Greensboro, NC  27455 | Katie Overstreet Ph: 336-298-4762 Koverstreet@aqtextilesusa.com | Trade Vendor | | $580,915 |
| 15 | American Textile Company | 10 North Linden St Duquesne, PA  15110 | Scott Neil Ph: 412-948-1020 ext 263 sneil@americantextile.com | Trade Vendor | | $577,303 |
| 16 | Lifetime Brands Inc | DEPT CH 17745 Palatine, IL  60055-7745 | Christine Kriegl Ph: 609-373-1884 christine.kriegl@lifetimebrands.com | Trade Vendor | | $570,326 |
| 17 | Poolmaster Inc | 770  W Del Paso Rd Sacramento, CA  95834 | Nancy Sloan Ph: 800-854-1776 ext 118 nsloan@poolmaster.com | Trade Vendor | | $570,031 |
| 18 | Yankee Candle Co Inc. | P O Box 405037 Atlanta, GA  30384-5037 | Dion Alison Ph: 800-792-6180 ext 7129839 alison.Dixon@newellco.com | Trade Vendor | | $558,596 |
| 19 | YMF Carpet Inc | 201B Middlesex Center Blvd Monroe Township, NJ  08831 | Kelly Addessi Ph: 732-393-1800 ext 312 kaddessi@ymfinc.com | Trade Vendor | | $557,336 |
| 20 | R.G. Barry Corporation | P O Box 677257 Dallas, TX  75267-7257 | Nancy Davis Ph: 614-864-6400 Ndavis@rgbarry.com | Trade Vendor | | $542,585 |

| Rank | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security)[1] |
|---|---|---|---|---|---|---|
| 21 | Loloi Rugs | P O Box 95344 Grapevine, TX  76099-9732 | Alireza Soleimani Ph: 972-503-5656 ext 266 asoleimani@loloirugs.com | Trade Vendor | | $527,454 |
| 22 | Peacock Alley | 2050 Postal Way Dallas, TX 75212 | Kristen Taylor Ph: 214-744-0499 ktaylor@peacockalley.com | Trade Vendor | | $524,852 |
| 23 | CHD Home Textiles LLC | The Cit Group/Commercial P.O. Box 1036 Charlotte, NC 28201-1036 | Pricila Larcia Ph: 212-293-3160 priscila@chdcresthome.com | Trade Vendor | | $521,475 |
| 24 | Benson Mills Inc | 140- 58TH ST Bldg A Unit 7J Brooklyn, NY  11220 | Gabe Levy Ph: 718-532-1401 gabe@bensonmills.com | Trade Vendor | | $520,250 |
| 25 | Royale Linens, Inc | 325 Duffy Ave Hicksville, NY  11801 | Terri Collora Ph: 201-9973700 ext 1004 tcollora@royalelinenes.com | Trade Vendor | | $519,277 |
| 26 | Creative Converting | P.O. Box 88149  B110149 Milwaukee, WI 53288-8149 | Ann Knapp Ph: 800-826-0418 ext 5524 Ann.knapp@creativeconverting.com | Trade Vendor | | $519,145 |
| 27 | Popular Bath Products | 808 Georgia Ave Brooklyn, NY  11207 | Valentin Mena Ph: 718-484-4469 ext 208 Valentin.Mena@popularbath.net | Trade Vendor | | $517,032 |
| 28 | Hasbro | Cust# 1000460 P.O. Box 281480 Atlanta, GA 30384-1480 | Samantha Ortiz Ph: 877-591-7098 Samantha.Ortiz@c.hasbro.com | Trade Vendor | | $510,065 |
| 29 | Casual Cushion Corp | PO Box 603607 Charlotte, NC  28260-3607 | Jason Siesel Ph: 803-329-2932 jason@casualcushion.com | Trade Vendor | | $508,865 |
| 30 | Lenox Corporation | PO Box 781473 Phila, PA  19178-1473 | Lisa McDonell Ph: 267-525-5537 lisa_janusz-mcdonnell@lenox.com | Trade Vendor | | $494,846 |
| 31 | Sunset  Vista Designs Inc | 9850 6TH ST Bldg #1 Rancho Cucamonga, CA  91730 | Connie Wong Ph: 909-527-8870 connie.wong@sunsetvistadesigns.com | Trade Vendor | | $485,718 |
| 32 | Home Essentials And Beyond Inc | 200 Theodore Conrad Dr Jersey City, NJ  07305 | Louelda Santos Ph: 732-590-3600 lsantos@homeess.com | Trade Vendor | | $473,571 |
| 33 | E & E Co Ltd A/R Dept | 45875 Northport Loop East Fremont, CA  94538 | Stacey Martinez Ph: 510-490-9788 stacey.martinez@jlahome.com | Trade Vendor | | $471,496 |
| 34 | Best Brands Consumer Products Inc | 20 West 33RD ST, 5TH Floor New York, NY  10001 | Max Kay Ph: 646-432-4347 Maxk@Bestbrands.Com | Trade Vendor | | $449,405 |
| 35 | Classic Concepts | PO Box 846936 Los Angeles, CA  90084-6936 | Norma Flores Ph: 323-266-8993 norma.mondragon@classichome.com | Trade Vendor | | $448,913 |
| 36 | Azzure Home Inc | 141 W 36TH ST, Ste 901 New York, NY  10018 | Tal Chalough Ph: 212-632-0300 tal.chalouh@azzurehome.com | Trade Vendor | | $443,212 |
| 37 | Aqua Leisure Industries | 525 Bodwell ST EXT Avon, MA  02322 | Nikki Varela Ph: 508-587-5400 ext 223 Nvarela@aqualeisure.com | Trade Vendor | | $436,123 |
| 38 | Argento SC PET | 1407 Broadway, Suite 2201 New York, NY  10018 | Diana Iser Ph: 212-704-2006 Diana.iser@argentosc.com | Trade Vendor | | $405,153 |
| 39 | W C Home Fashions LLC | 20 Morris Lane Scarsdale, NY  10583-4402 | Melissa Camacho Ph: 732-579-2220 mcamacho@bcphome.com | Trade Vendor | | $402,684 |
| 40 | McGarrah Jessee | 121 West Sixth Street Austin, TX 78701-2913 | Rod Martin Ph: 361-537-9605 rod@mc-j.com | Trade Vendor | | $391,188 |

Fill in this information to identify the case:

Debtor name   **Tuesday Morning Corporation**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/27/20      X _____
                                       Signature of individual signing on behalf of debtor

                                       **Steven R. Becker**
                                       Printed name

                                       **Chief Executive Officer**
                                         Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, | § | Case No. 20-[●] |
| | § | |
| Debtor. | § | |

## STATEMENT OF CORPORATE OWNERSHIP
## OF TUESDAY MORNING CORPORATION

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of Tuesday Morning Corporation certifies that the following corporate entities/individuals own more than 10% of the Debtor's equity interest.

| Shareholder | Percentage of Total Shares |
|---|---|
| T. Rowe Price Associates, Inc.<br>100 E. Pratt Street<br>Baltimore, MD 21202 | 7,580,608 shares as of 2/14/20 |

TUESDAY MORNING CORPORATION

By: _____
Steven R. Becker
Its Chief Executive Officer

4816-9784-0055 v.1