| | |
|---|---|
| Edward L. Schnitzer<br>Gilbert R. Saydah, Jr.<br>David M. Banker<br>MONTGOMERY MCCRACKEN WALKER & RHOADS LLP<br>437 Madison Ave., 24th Floor<br>New York, New York 10022<br>Email: eschnitzer@mmwr.com<br>Email: gsaydah@mmwr.com<br>Email: dbanker@mmwr.com | Kevin M. Lippman<br>Deborah M. Perry<br>MUNSCH HARDT KOPF & HARR, P.C.<br>500 N. Akard St., Ste. 3800<br>Dallas, Texas 75201<br>Email: klippman@munsch.com<br>Email: dperry@munsch.com |

***Attorneys for the Official Committee of Unsecured Creditors
of Tuesday Morning Corporation, et al.***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>TUESDAY MORNING CORPORATION, *et al*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-31476-HDH-11<br><br>Jointly Administered |

**FIRST REQUEST FOR
THE PRODUCTION OF DOCUMENTS**

The Official Committee of Unsecured Creditors of Tuesday Morning Corporation, *et al*. (the "*Committee*") of the above captioned Debtors (the "*Debtors*"), by and through its counsel, Montgomery McCracken Walker & Rhoads LLP and Munsch Hardt Kopf & Harr, P.C., pursuant to Rule 7034 of the Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 34, hereby requests that the Debtors produce by no later than October 16, 2020, by electronic means to counsel for the Committee at the following email addresses: eschnitzer@mmwr.com,

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp"); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2294) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

EXHIBIT
2

gsaydah@mmwr.com, dbanker@mmwr.com, klipmman@munsch.com, and dperry@munsch.com.

The following definitions and instructions are incorporated by reference into each of the Requests set forth below:

## DEFINITIONS

A. The term "Tuesday Morning" and the "Debtors" shall refer to the Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, including: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week , Inc. (4231) ("DOTW"); Nights of the Week , Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP").

B. The term "document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the phrase "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a), including, without limitation, all written, recorded, electronic, graphic, or photographic matter, however produced or reproduced, and includes, without limiting the generality of the foregoing, all computer records, photographs, data, drawings, mail, electronic mail, compilations, letters, handwritten notes, field data, factual observations, tests, studies, charts, graphs, opinions, reports, white papers, supporting calculations, memoranda, ledgers, reference materials, journals, minutes, books, drafts, depositions, summaries, statements, transcriptions, telephone slips, expense accounts, time sheets, telegrams, cables, microfilm, prints, publications, recordings, affidavits, bills, receipts, checks, invoices, video tapes, DVDs, compact discs, motion pictures, audio tapes, pamphlets, agreements and contracts. A draft or non-identical copy is a separate document within the meaning of this term.

C. The terms "communication" or "communications" means the transmittal of information, in the form of facts, ideas, inquiries, electronic mail, correspondence, memoranda, or documents, in writing, orally, electronic and otherwise.

D. The terms "related to" or "referring to" mean anything that in any way directly or indirectly concerns, consists of, pertains to, reflects, evidences, mentions, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to, is or was used in the preparation of, appended to, legally, logically, or factually connected with, proves, disproves, or tends to prove or disprove.

E. The term "Petition Date" means May 27, 2020.

### INSTRUCTIONS

1. For the purpose of these Requests, production of a copy, rather than the original, of a document is acceptable provided that the copy is a complete, accurate, legible and unaltered reproduction of the original and that the original is made available for inspection and photocopying at a time and place mutually agreed upon by the attorneys for the parties.

2. Each request for documents seeks production of the document in its entirety, including all attachments.

3. Each request for production of documents shall be deemed to be a request for all such documents, whether prepared by you or for you or by any other party or any other person, which documents are in your possession, custody or control, or in the possession, custody or control of your attorneys, accountants, consultants, receivers, employees, agents or anyone acting on your behalf.

4. You are required, pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7034, to serve a written response to this

request for production of documents by no later than October 16, 2020. In such response, you are to state:

    (a)    With respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated;

    (b)    If objection is made to part of an item or category, the part shall be specified and inspection permitted for the remaining parts;

    (c)    As to each document you are withholding from production on the basis of a privilege, you are to provide the following information to identify the document for a subpoena or motion to compel its production:

        (i)    Title or description,

        (ii)    Date,

        (iii)    Author,

        (iv)    Recipient(s),

        (v)    Number of pages,

        (vi)    Subject matter, and

        (vii)    The specific grounds for withholding the document.

5.    If no documents exist in response to a numbered document request, Debtors shall so state in writing no later than the date specified above for production and inspection of documents.

6.    Pursuant to Federal Rule of Civil Procedure 34, made applicable by Federal Rule of Bankruptcy Procedure 7034, you are required to produce the documents as they are kept in the

ordinary course of business or organized and labeled to correspond with the categories in this request.

7.      If any document called for by this request has been destroyed, lost, discarded or otherwise disposed of, such document is to be identified as completely as possible, including, without limitation, the following information: contents; author/participant; recipient; sender; date prepared and/or received; date of disposal; manner of disposal; person(s) currently in possession of the document, and person(s) disposing of the document.

8.      Each request herein shall be construed independently and shall not be limited by reference to any other.

9.      This Request is of a continuing nature. If, after the date and time for production as set forth above or as otherwise agreed upon, additional documents responsive to this Request come within the possession, custody or control of the Debtors such additional documents shall be produced by the Debtors or their attorneys, at such time and place as will be mutually agreed upon by the attorneys for the parties but not later than ten (10) days after the additional documents come within the Debtors' or their attorney's possession, custody or control.

## **REQUESTS FOR PRODUCTION**

REQUEST FOR PRODUCTION NO. 1

Copies of all D&O Insurance policies, including any tails and renewals, and any communications sent to, or received from, such insurers including, but not limited to, any claims or cancellations, including, but not limited to, the policies and any communication on the following policies: Illinois National Insurance Company (AIG) policy 01-602-800-33, Allied World National Assurance Company policy 0305-5204, Continental Casualty Company (C.N.A.) policy 596480250, ACE American Insurance Co policy DOX G2842029 003, and Beazley Insurance Company Inc. policy V23E8D190201.

REQUEST FOR PRODUCTION NO. 2

Detailed liquidation analysis supporting the liquidation analysis as set forth in Exhibit 3 to the Disclosure Statement [Docket No. 946], including line item recovery estimates for all balance sheet line items.

REQUEST FOR PRODUCTION NO. 3

Any and all liquidation analyses including any liquidation as of December 19, 2020, the proposed effective date for the Plan [Docket No. 947].

REQUEST FOR PRODUCTION NO. 4

Any and all documents identifying and valuing of any unencumbered assets (excluding real estate).

REQUEST FOR PRODUCTION NO. 5

Details for all intercompany transfers, including cash and asset transfers, between and among the Debtors for any individual transactions greater than $25,000 for 2015 through the Petition Date.

REQUEST FOR PRODUCTION NO. 6

Copy of all Board Minutes, Board Reporting Packages, Presentations to the Board, Board Resolutions, or similar, and including any minutes, packages, presentations or resolutions for any special committees, for the period July 1, 2019 through present.

REQUEST FOR PRODUCTION NO. 7

Any and all fairness opinions received to support any transaction(s) which moved assets or businesses between affiliate companies of the Debtors.

REQUEST FOR PRODUCTION NO. 8

Schedule of payments to any insider (as defined in section 101(31) of the Bankruptcy Code) between May 1, 2018 and the Petition Date, including any "incentive compensation," potential bonus, or severance.

REQUEST FOR PRODUCTION NO. 9

Schedule of payments to each Director and Officer between May 1, 2018 and the Petition Date, that is not otherwise included in response to request 8, including a description of what each payment was for.

REQUEST FOR PRODUCTION NO. 10

Copy of any valuation, analysis, report, or study for the Debtors' business including, but not limited to, the underlying assumptions and methodology, underlying support of given assumptions, and supporting detail, including, but not limited to, any valuation, analysis, report or study that the Board has utilized, or will utilize, in making its determination under paragraph 22 of the Bidding Procedures Order [Docket No. 1090].

REQUEST FOR PRODUCTION NO. 11

The Inventory reports (inventory perpetuals, inventory-by-type, PO reports, etc.) for 2019 through FY 2023, as well as monthly inventory forecast for the distribution center through FY 2023.

REQUEST FOR PRODUCTION NO. 12

All documents explaining or supporting the following accrued expenses in the LTP Model provided 8/19/2020 (or the most current forecast) including, but not limited to, historical amount of these items, what types of costs are included in these items, and whether any of these costs in the 8/19/20 model (or most recent forecast) are one-time, non-recurring costs.

  i. ACCRUED EXPENSE-OTHER
 ii. ACCRUED EXP-DISTR CENTER
iii. ACCRUED WAGES-BONUS
 iv. ACCRUED EXP-WORKERS COMP
  v. ACCRUED-IMPORT DUTY

REQUEST FOR PRODUCTION NO. 13

Any updated accrued expense forecast.

REQUEST FOR PRODUCTION NO. 14

Any and all documents referring or relating to the "Illustrative Winddown Costs", Accounts Payable, and Prepaid Expenses presented in the Franchise Group Bid – Closing Date Analysis (source: "Franchise Group Discussion Materials 9.1.20 (SECURED)" received from Miller Buckfire).

REQUEST FOR PRODUCTION NO. 15

      Any documents, including projections, which refer or relate to any bonuses, or intended bonuses, under the Debtors' proposed plan [Docket No. 947].

Dated: October 5, 2020

                                          **MUNSCH HARDT KOPF & HARR, P.C.**

                                          By: /s/ *Kevin M. Lippman*
                                                Kevin M. Lippman
                                                Texas Bar No. 00784479
                                                Deborah M. Perry
                                                Texas Bar No. 24002755
                                                500 N. Akard Street, Suite 3800
                                                Dallas, Texas 75201-6659
                                                Telephone: (214) 855-7500
                                                Facsimile: (214) 855-7584
                                                Email: klippman@munsch.com
                                                Email: dperry@munsch.com

                                                –and–

                                                Edward L. Schnitzer (admitted *pro hac vice*)
                                                Gilbert R. Saydah, Jr. (admitted *pro hac vice*)
                                                Texas Bar No. 24027836
                                                David M. Banker (admitted *pro hac vice*)
                                                **MONTGOMERY MCCRACKEN**
                                                **WALKER & RHOADS LLP**
                                                437 Madison Ave., 24th Floor
                                                New York, NY 10022
                                                Telephone: (212) 867-9500
                                                Facsimile: (212) 599-5085
                                                Email: eschnitzer@mmwr.com
                                                Email: gsaydah@mmwr.com
                                                Email: dbanker@mmwr.com

                                                *Attorneys for the Official Committee of Unsecured Creditors of Tuesday Morning Corporation, et al.*