Ian T. Peck
State Bar No. 24013306
Aimee M. Furness
State Bar No. 24026882
Jarom J. Yates
State Bar No. 24071134
Jordan E. Chavez
State Bar No. 24109883
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: jarom.yates@haynesboone.com
Email: jordan.chavez@haynesboone.com

**ATTORNEYS FOR DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 20-31476-HDH-11 |
| | § | |
| Debtors. | § | Jointly Administered |

## DEBTORS' AMENDED OBJECTIONS AND RESPONSES TO
## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Tuesday Morning Corporation and its above-captioned debtor affiliates, as debtors and

debtors in possession (collectively, the "Debtors") make the following objections and responses

to First Request for the Production of Documents.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

**DEBTORS' AMENDED OBJECTIONS AND RESPONSES TO**
**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Page 1

EXHIBIT
3

## OBJECTIONS TO DEFINITIONS

Tuesday Morning objects to the Definitions.  Tuesday Morning will respond to the Requests using standard English language meanings of ordinary words.

## OBJECTIONS TO INSTRUCTIONS

Tuesday Morning objects to the Instructions because they go beyond the requirements of the Federal Rules of Civil Procedure (and thereby the Rules of Bankruptcy Procedure).  Tuesday Morning will respond in accordance with the Federal Rules and Bankruptcy Rules.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all D&O Insurance policies, including any tails and renewals, and any communications sent to, or received from, such insurers including, but not limited to, any claims or cancellations, including, but not limited to, the policies and any communication on the following policies: Illinois National Insurance Company (AIG) policy 01-602-800-33, Allied World National Assurance Company policy 0305-5204, Continental Casualty Company (C.N.A.) policy 596480250, ACE American Insurance Co policy DOX G2842029 003, and Beazley Insurance Company Inc. policy V23E8D190201.

**RESPONSE:**

Tuesday Morning objects to this Request because it is overly broad – it does not have specificity as to time, place, or subject matter being requested.  The request for "any communications" is overly broad and unduly burdensome considering the needs of the matter in this context.  Despite the overly broad nature of the request because it does not limit the time period, Tuesday Morning has produced copies of the policies from FY 2019 and FY 2020.  No documents responsive to the portion of this Request seeking claims or cancelations have been

located. Other than pre-FY2019 documents, no documents are being withheld as a result of the objections.

**REQUEST FOR PRODUCTION NO. 2:**

Detailed liquidation analysis supporting the liquidation analysis as set forth in Exhibit 3 to the Disclosure Statement [Docket No. 946], including line item recovery estimates for all balance sheet line items.

**RESPONSE:**

Documents responsive to this Request have been produced.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all liquidation analyses including any liquidation as of December 19, 2020, the proposed effective date for the Plan [Docket No. 947].

**RESPONSE:**

No documents have been located that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents identifying and valuing of any unencumbered assets (excluding real estate).

**RESPONSE:**

Tuesday Morning objects to this Request as overly broad and unduly burdensome – it lacks specificity as to time, place, and/or subject matter being requested. Without waiving the foregoing objection, no documents have been located that are responsive to this Request. No documents are being withheld as a result of the objections.

**REQUEST FOR PRODUCTION NO. 5:**

Details for all intercompany transfers, including cash and asset transfers, between and among the Debtors for any individual transactions greater than $25,000 for 2015 through the Petition Date.

**RESPONSE:**

This Request is overly broad and unduly burdensome. First, all affiliated companies are Debtors in this jointly administered action. Second, there is no rational basis for requesting that Tuesday Morning review and produce documents for five full years. This Request is not reasonably related to any claim or defense and the Committee has not articulated a reason to go beyond the ordinary scope of discovery under Rule 26(b). Finally, the Request seeks production of "details" – not documents. It is unclear what that means in the context of these Requests. The Request lacks specificity regarding what is being requested.

Tuesday Morning further responds that any intercompany transfers for the year before the Petition Date are fully disclosed in the SOFAs filed with the Court.

Subject to and without waiving the foregoing objections, documents have been produced showing intercompany transfers.

**REQUEST FOR PRODUCTION NO. 6:**

Copy of all Board Minutes, Board Reporting Packages, Presentations to the Board, Board Resolutions, or similar, and including any minutes, packages, presentations or resolutions for any special committees, for the period July 1, 2019 through present.

**RESPONSE:**

This Request calls for the production of privileged information and documents. Should an objection be necessary, Tuesday Morning objects to the request based on attorney client and

work product privilege. Documents responsive to this Request have been produced. As indicated in the production, privileged documents have been withheld and privileged information has been redacted.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all fairness opinions received to support any transaction(s) which moved assets or businesses between affiliate companies of the Debtors.

**RESPONSE:**

Tuesday Morning objects because this Request is overly broad – it lacks specificity as to time, place, and/or subject matter being requested. The Request simply has no limit on time and, as such, is not reasonably related to any claim or defense and the Committee has not articulated a reason to go beyond the ordinary scope of discovery under Rule 26(b).

Subject to and without waiving the foregoing objections, no documents responsive to this Request have been located. No documents are being withheld as a result of Tuesday Morning's objections.

**REQUEST FOR PRODUCTION NO. 8:**

Schedule of payments to any insider (as defined in section 101(31) of the Bankruptcy Code) between May 1, 2018 and the Petition Date, including any "incentive compensation," potential bonus, or severance.

**RESPONSE:**

Documents responsive to this Request can be found in the Security and Exchange Commission's EDGAR system. Counsel for Tuesday Morning and counsel for the Committee discussed that, in order to save resources, Tuesday Morning did not need to produce those publicly filed documents.

**REQUEST FOR PRODUCTION NO. 9:**

Schedule of payments to each Director and Officer between May 1, 2018 and the Petition Date, that is not otherwise included in response to request 8, including a description of what each payment was for.

**RESPONSE:**

Documents responsive to this Request can be found in the Security and Exchange Commission's EDGAR system. Counsel for Tuesday Morning and counsel for the Committee discussed that, in order to save resources, Tuesday Morning did not need to produce those publicly filed documents. Documents are being produced responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Copy of any valuation, analysis, report, or study for the Debtors' business including, but not limited to, the underlying assumptions and methodology, underlying support of given assumptions, and supporting detail, including, but not limited to, any valuation, analysis, report or study that the Board has utilized, or will utilize, in making its determination under paragraph 22 of the Bidding Procedures Order [Docket No. 1090].

**RESPONSE:**

Tuesday Morning objects to this Request because it specifically calls for Attorney Work Product Privileged documents. Rule 26(b)(5).

**REQUEST FOR PRODUCTION NO. 11:**

The Inventory reports (inventory perpetuals, inventory-by-type, PO reports, etc.) for 2019 through FY 2023, as well as monthly inventory forecast for the distribution center through FY 2023.

**RESPONSE:**

Documents responsive to this Request have been produced.

**REQUEST FOR PRODUCTION NO. 12:**

All documents explaining or supporting the following accrued expenses in the LTP

Model provided 8/19/2020 (or the most current forecast) including, but not limited to, historical

amount of these items, what types of costs are included in these items, and whether any of these

costs in the 8/19/20 model (or most recent forecast) are one-time, non-recurring costs.

     i.     ACCRUED EXPENSE-OTHER

     ii.     ACCRUED EXP-DISTR CENTER

     iii.     ACCRUED WAGES-BONUS

     iv.     ACCRUED EXP-WORKERS COMP

     v.     ACCRUED-IMPORT DUTY

**RESPONSE:**

Documents responsive to this Request have been produced.

**REQUEST FOR PRODUCTION NO. 13:**

Any updated accrued expense forecast.

**RESPONSE:**

No documents responsive to this Request have been located.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents referring or relating to the "Illustrative Winddown Costs",

Accounts Payable, and Prepaid Expenses presented in the Franchise Group Bid – Closing Date

Analysis (source: "Franchise Group Discussion Materials 9.1.20 (SECURED)" received from

Miller Buckfire).

**RESPONSE:**

Documents responsive to this Request have been produced.

**REQUEST FOR PRODUCTION NO. 15:**

Any documents, including projections, which refer or relate to any bonuses, or intended

bonuses, under the Debtors' proposed plan [Docket No. 947].

**RESPONSE:**

No documents responsive to this Request have been located.


Dated: October 17, 2020          **HAYNES AND BOONE, LLP**

By:    *Aimee M. Furness*
Ian T. Peck
State Bar No. 24013306
Aimee Furness
State Bar No. 24026882
Jarom J. Yates
State Bar No. 24071134
Jordan E. Chavez
State Bar No. 24109883
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: aimee.furness@haynesboone.com
Email: jarom.yates@haynesboone.com
Email: jordan.chavez@haynesboone.com

**ATTORNEYS FOR DEBTORS**