Ian T. Peck
State Bar No. 24013306
Jarom J. Yates
State Bar No. 24071134
Jordan E. Chavez
State Bar No. 24109883
David L. Staab
State Bar No. 24093194
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile:  214.651.5940
Email: ian.peck@haynesboone.com
Email: jarom.yates@haynesboone.com
Email: jordan.chavez@haynesboone.com
Email: david.staab@haynesboone.com

**ATTORNEYS FOR REORGANIZED DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 20-31476-HDH-11 |
| | § | |
| Reorganized Debtors. | § | Jointly Administered |

### REORGANIZED DEBTORS' AMENDED SEVENTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
### (Disputed Amounts)

**THE PROOF OF CLAIM YOU FILED AGAINST THE ABOVE-NAMED REORGANIZED DEBTORS IS SUBJECT TO AN OBJECTION. YOUR CLAIM WITH THE CORRESPONDING BASIS FOR THE OBJECTION IS IDENTIFIED IN EXHIBIT "1." PLEASE CHECK THE EXHIBIT FOR YOUR NAME.**

**COPIES OF THE OBJECTION MAY BE OBTAINED (I) FROM THE COURT'S WEBSITE HTTP://WWW.TXNB.USCOURTS.GOV VIA ECF/PACER, (II) THE DEBTORS' CLAIMS AGENT WEBSITE HTTPS://DM.EPIQ11.COM/TUESDAYMORNING, OR (III) UPON REQUEST TO THE UNDERSIGNED.**

---

[1] The Reorganized Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Reorganized Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING AND FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT BY JULY 29, 2021 AT 4:00 P.M. CENTRAL TIME. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THIS OBJECTION; OTHERWISE, THE COURT MAY TREAT THE OBJECTION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING ON THIS MATTER WILL BE CONDUCTED ON TUESDAY, AUGUST 24, 2021 AT 10:00 A.M. CENTRAL TIME BEFORE THE HONORABLE HARLIN D. HALE AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM #3, DALLAS, TX 75242.**

Tuesday Morning Corporation and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Reorganized Debtors") hereby file this *Reorganized Debtors' Amended Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims (Disputed Amounts)* (the "Objection"). In support of the Objection, the Reorganized Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1.      The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Objection pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4835-5313-3807

**Background**

A. **General Background**

2.       On May 27, 2020 (the "Petition Date"), the Reorganized Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned cases (the "Chapter 11 Cases").

3.       An official committee of unsecured creditors was appointed in these Chapter 11 Cases on June 9, 2020 (the "Creditors' Committee"). An official committee of equity holders was appointed in these Chapter 11 Cases on October 5, 2020 (the "Equity Committee"). No trustee or examiner has been requested or appointed in these Chapter 11 Cases.

B. **Background Relevant to this Objection**

4.       On May 29, 2020, the Court entered its *Order Granting Debtors' Emergency Application for Authorization to Retain and Employ Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Nunc Pro Tunc to the Filing Date* [Docket No. 100]. Epiq Corporate Restructuring, LLC currently serves as the Reorganized Debtors' claims and noticing agent (the "Claims Agent").

5.       On July 23, 2020, the Court entered its *Order (I) Shortening the Bar Date for Filing Proofs of Claim, (II) Establishing Ramifications for Failure to Timely File Claims, (III) Approving Notice of Shortened Bar Date, and (IV) Approving the Mailing of Notices* [Docket No. 504] (the "Bar Date Order")[2]. Under the Bar Date Order, all parties holding, asserting, or alleging a claim, including claims under Bankruptcy Code § 503(b)(9), against the

---

[2] The Court previously established September 30, 2020 as the deadline for filing proofs of claim and December 29, 2020 as the deadline for governmental units for filing proofs of claim. The Court shortened those deadlines to August 28, 2020 and November 23, 2020, respectively, pursuant to the Bar Date Order and the reasons set forth in the *Debtors' Emergency Motion for Order (I) Shortening the Bar Date for Filing Proofs of Claim, (II) Establishing Ramifications for Failure to Timely File Claims, (III) Approving Notice of Shortened Bar Date, and (IV) Approving the Mailing of Notices* [Docket No. 472]

Reorganized Debtors owing as of the Petition Date were required to file a proof of claim against the Reorganized Debtors by August 28, 2020[3] (the "General Bar Date"). The General Bar Date applied to any person or entity, other than governmental units. Under the Bar Date Order, governmental units were required to file claims against the Reorganized Debtors by November 23, 2020.

6.      The Court approved the form of notice of the Bar Date (the "Bar Date Notice") to be served on: (a) all known creditors; (b) all parties that requested notice in the Chapter 11 Cases, and (c) all other parties in interest, as required by Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Bar Date Order, at ¶ 4. The Court also required the Debtors to publish the Bar Date Notice in the national edition of USA Today. *Id.* at ¶ 5.

7.      On July 27, 2020, the Debtors filed the Bar Date Notice [Docket No. 534]. The Bar Date Notice listed the Bar Date and the instructions for filing proofs of claim.

8.      On July 27 and July 28, 2020, the Claims Agent mailed the Bar Date Notice to thousands of potential claimants and parties in interest, as evidenced by the Affidavits of Service filed at Docket Nos. 608 and 611.

9.      As stated in the *Notice of Publication* [Docket No. 547], the Bar Date Notice was also published in the national edition of USA Today on July 29, 2020.

10.      On December 23, 2020, the Court entered its *Order Confirming the Revised Second Amended Joint Plan of Reorganization of Tuesday Morning Corporation, et al., Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1913] (the "Confirmation Order"),

---

[3] Exceptions to the General Bar Date contained in the Bar Date Order include: (i) claims with respect to any executory contract or unexpired lease that, as of the date of the Bar Date Order, had not yet been rejected (including any claims for pre-petition amounts due and lease rejection damages); (ii) claims arising from the recovery of a voidable transfer; (iii) claims arising from the assessment of certain taxes as described in Bankruptcy Code § 502(i); and (iv) claims arising from an amendment to the Reorganized Debtors' bankruptcy schedules reducing the liquidated amount of a scheduled claim or reclassifying a scheduled, undisputed, liquidated or non-contingent claim as disputed, unliquidated, or contingent.

confirming the *Revised Second Amended Joint Plan of Reorganization of Tuesday Morning Corporation, et al., Pursuant to Chapter 11 of the Bankruptcy Code (Confirmed Version)* [attached to the Confirmation Order at Docket No. 1913-1] (the "Plan")[4]. The Plan became effective on December 31, 2020 (the "Effective Date").

11.     Pursuant to Article VII of the Plan, the Reorganized Debtors have the authority to file objections to claims and equity interests (other than claims or equity interests that are deemed Allowed under the Plan) and settle, compromise, withdraw or litigate to judgment objections to any and all such claims or equity interests, regardless of whether such claims are in an unimpaired class under the Plan or otherwise.

**C.     Procedures for Omnibus Objections to Claims**

12.     On January 20, 2021, the Reorganized Debtors filed their *Reorganized Debtors' Expedited Motion for Order Approving Omnibus Claim Objection Procedures* [Docket No. 2006] (the "Procedures Motion"). The Procedures Motion proposed certain procedures concerning omnibus claims objections to streamline the process.

13.     The Court conducted a hearing on the Procedures Motion, and on February 2, 2021 entered its *Order Approving Omnibus Claim Objection Procedures* [Docket No. 2033] (the "Procedures Order"). This Objection is filed pursuant to the terms of the Procedures Order.

**Relief Requested**

14.     By this Objection, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, allowing the Proofs of Claims listed on **Exhibit 1** to the proposed order (each a "Disputed Claim" and collectively, the "Disputed Claims") in the amounts and classifications as listed in the Proposed Claim Amounts column on **Exhibit 1**. The Reorganized Debtors have examined the Disputed Claims and determined that each of the

---

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

Disputed Claims seek recovery of certain amounts that are inconsistent with the Reorganized Debtors' books and records.

**Basis for Relief Requested**

**A.      Legal Standards**

15.      Bankruptcy Code § 502(a) governs objections to claims and provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a). "If such objection to a claim is made, the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount." *Id.* § 502(b).

16.      Bankruptcy Rule 3007 addresses the objections to claims. FED. R. BANKR. P. 3007. The burden of proof is on the objecting party to produce sufficient evidence to overcome the *prima facie* effect of the claim. *See In re O'Conner*, 153 F.3d 258, 260 (5th Cir. 1998). If the objecting party succeeds, the burden shifts to the party asserting the claim, who must then establish the validity of the claim by a preponderance of the evidence. *Id.* The ultimate burden of proof lies with the party who would bear the burden if the dispute arose outside of the bankruptcy context. *See In re Armstrong*, 320 B.R. 97 (Bankr. N.D. Tex. 2005).

**B.      Basis for Objections**

17.      The Reorganized Debtors and their professionals have reviewed, and continue to review, the proofs of claim filed in these Chapter 11 Cases as well as the Debtors' Schedules of Assets and Liabilities. During this review, the Reorganized Debtors and their professionals identified certain claims to which the Reorganized Debtors object. Pursuant to Bankruptcy Code

§ 502 and Bankruptcy Rule 3007(d), the Reorganized Debtors object to each of the Disputed

Claims listed on **Exhibit 1** attached hereto.

18.    The Reorganized Debtors object to each of the Disputed Claims on the grounds

that they seek recovery of amounts that are inconsistent with the Reorganized Debtors' books

and records. **Exhibit 1** identifies for each claimant: (a) the name of the claimant; (b) the Proof of

Claim number; (c) the date the Proof of Claim was filed; (d) the entity against which the claim

was asserted; (e) the amount and classification of the Disputed Claim as filed in the Proof of

Claim; (f) the Reorganized Debtors' proposed allowed amount and classification of the Disputed

Claim; and (g) the basis for objection.

19.    Accordingly, to avoid the possibility of improper recovery against the Debtors'

estates, the Reorganized Debtors request that the Disputed Claims be allowed in the amounts and

classifications as listed in the Proposed Claim Amounts column on **Exhibit 1**.

### Reservation of Rights

20.    The relief requested in this Objection is without prejudice to, nor does it constitute

any waiver of, any claims or causes of action or defense to any claim belonging to (or that could

be asserted by) the Reorganized Debtors, their bankruptcy estates, or any successors in interest

under the Plan. The Reorganized Debtors reserve the right to amend, supplement, or otherwise

modify the Objection and to file additional objections, both technical and substantive, to the

Disputed Claims.

### Notice

21.    Notice of this Objection will be provided (a) via electronic service to all parties

who receive notices in these Chapter 11 Cases pursuant to the Court's ECF system and (b) via

first class mail, postage prepaid, upon the person designated on the Claim as the person to

receive notices, at the address so indicated and, if applicable, upon the claimant's attorney, pursuant to the Procedures Order.

## Conclusion

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A** (i) sustaining the Objection to the Disputed Claims listed on **Exhibit 1**, (ii) allowing the Disputed Claims in the amounts and classifications as listed in the Proposed Claim Amounts column on **Exhibit 1**, and (iii) granting such other and further relief as may be just.

RESPECTFULLY SUBMITTED this 29th day of June, 2021.

**HAYNES AND BOONE, LLP**

By: /s/ Jordan E. Chavez
Ian T. Peck
State Bar No. 24013306
Jarom J. Yates
State Bar No. 24071134
Jordan E. Chavez
State Bar No. 24109883
David L. Staab
State Bar No. 24093194
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: jarom.yates@haynesboone.com
Email: jordan.chavez@haynesboone.com
Email: david.staab@haynesboone.com

**ATTORNEYS FOR REORGANIZED DEBTORS**

# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 20-31476-HDH-11 |
| | § | |
| Reorganized Debtors. | § | Jointly Administered |

**ORDER REGARDING THE REORGANIZED DEBTORS' AMENDED SEVENTEENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
(Disputed Amounts)**

The Court has considered the *Reorganized Debtors' Amended Seventeenth Omnibus*

*Objection (Non-Substantive) to Certain Claims (Disputed Amounts)* (the "Objection")[2], filed by

Tuesday Morning Corporation and its debtor affiliates, as debtors and debtors-in-possession in

---

[1] The Reorganized Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Reorganized Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

the above-referenced chapter 11 cases (collectively, the "Reorganized Debtors"); and the Court

having jurisdiction to consider the Objection and the relief requested therein pursuant to 28

U.S.C. § 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro*

*Tunc*, Miscellaneous Rule No. 33 (N.D. Tex. August 3, 1984); and consideration of the

Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it

appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Objection having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Objection; and all responses,

if any, to the Objection having been withdrawn, resolved, or overruled; and the Court having

determined that the legal and factual bases set forth in the Objection establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Objection is SUSTAINED to the extent set forth herein with respect to the

Disputed Claims shown on **Exhibit 1**.

2.      The Disputed Claims shown on **Exhibit 1** to this Order are hereby allowed in the

amounts and classifications as listed in the Proposed Claim Amounts column on **Exhibit 1**.

3.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order to the extent permitted by applicable law.

# # #   END OF ORDER   # # #

**Submitted by:**

Ian T. Peck
State Bar No. 24013306
Jarom J. Yates
State Bar No. 24071134
Jordan E. Chavez
State Bar No. 24109883
David L. Staab
State Bar No. 24093194
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: 214.651.5000
Facsimile:  214.651.5940
Email: ian.peck@haynesboone.com
Email: jarom.yates@haynesboone.com
Email: jordan.chavez@haynesboone.com
Email: david.staab@haynesboone.com

**ATTORNEYS FOR REORGANIZED DEBTORS**

3

**Exhibit 1**

Books & Records Objections

| Row ID | Name of Claimant | Schedule # | Claim # | Date Filed | Debtor Name | Filed/Scheduled Claim Amounts | Proposed Claim Amounts | Basis for Objection | Objection Page # |
|---|---|---|---|---|---|---|---|---|---|
| 1 | CONTRARIAN FUNDS, LLC (AS ASSIGNEE FOR AMERICAN CRAFTS LC) | | 10589 | 7/14/2020 | Tuesday Morning Corporation | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $1,437,911.80<br><br>Total: $1,437,911.80 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $941,050.01<br><br>Total: $941,050.01 | The claimed amount does not reflect the Debtors' books and records. | 6 - 7 |
| 2 | INVICTUS GLOBAL MANAGEMENT, LLC AS TRANSFEREE OF R & F MARKETING | 482012080 | | | Tuesday Morning Partners, Ltd. | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $85,046.00<br><br>Total: $85,046.00 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $58,336.00<br><br>Total: $58,336.00 | The claimed amount does not reflect the Debtors' books and records. | 6 - 7 |
| 3 | OGLETREE DEAKINS | | 10686 | 7/27/2020 | Tuesday Morning, Inc. | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $70,478.82<br><br>Total: $70,478.82 | Administrative: $0.00<br>Secured: $0.00<br>Priority: $0.00<br>General Unsecured: $37,222.62<br><br>Total: $37,222.62 | The claimed amount does not reflect the Debtors' books and records. | 6 - 7 |
| **TOTALS** | | | | | | **$1,593,436.62** | **$1,036,608.63** | | |